UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

Nelson Valentin
_____
(Defendant's Name)

Mag./Crim. No. Mag. No. 24-8131-15

APPLICATION FOR PERMISSION
TO ENTER PLEA OF GUILTY

(Defendant with Counsel)

Nelson Valentin
_____, hereby certifies as follows:
(Defendant's Name)

1. My full name is, Nelson Valentin _____ and I request that all proceedings against me be held in that name.

2. I understand that the Constitution and laws of the United States guarantee me the right to be represented by a lawyer at every stage in these proceedings, including any trial on these charges, and that if I cannot afford to hire a lawyer, the Court will provide one for me.

3. I have a lawyer who is representing me in this proceeding. My lawyer's name is Adam M. Elewa _____. I am satisfied that I have had enough time to discuss this matter with my lawyer.

4. English ✓[IS] ☐[IS NOT] my native language. My formal education stopped after [grade] 9 ___. I am presently ✓[UNEMPLOYED] ☐[EMPLOYED] as a _____ (occupation).

5. I have taken ✓[NO] ☐[THE FOLLOWING] drugs or medication within the past seventy-two hours: _____ .

6. I ☐[HAVE] ✓[HAVE NEVER] been a patient in a mental hospital or institution. I ☐[DO] ✓[DO NOT] believe that at the present time I am mentally ill or mentally incompetent in any respect.

7. I received a copy of the ☐[COMPLAINT] ☐[INDICTMENT] ✓[INFORMATION] before being called upon to plead. I have read and discussed it with my lawyer. I understand that the substance of the charge(s) against me is that I:

Knowingly and intentionally conspired and agreed with others to distribute and possess with intent to distribute cocaine.

[add separate sheets if necessary]

DNJ-CR-12 (Rev. 08/2010)

## WAIVER OF INDICTMENT (IF APPLICABLE)

8. My lawyer has explained to me that I have a constitutional right to be charged by an indictment of a grand jury but that I can waive that right and consent to being charged through a criminal Information filed by the United States Attorney.

9. I understand that unless I waive indictment I may not be charged with a felony unless a grand jury finds by return of an indictment that there is probable cause to believe that a crime has been committed and that I committed it.

10. I also understand that if I do not waive indictment, the government may present the case to the grand jury and request the grand jury to indict me.

11. I understand that a grand jury is composed of at least 16 and not more than 23 persons, that at least 12 grand jurors must find that there is probable cause to believe that I committed the crime. I also understand that the grand jury may or may not indict me.

12. I further understand that by waiving indictment by the grand jury, the case will proceed against me on the United States Attorney's Information as though I had been indicted.

13. My attorney has discussed the nature of the charge(s) against me and waiving my right to indictment thereon by grand jury, I fully understand those rights, and I wish to waive indictment by grand jury.

14. My decision to waive indictment by grand jury is made knowingly and voluntarily, and no threats or promises have been made to induce me to waive indictment.

## THE GUILTY PLEA

15. I have told my lawyer all the facts and circumstances known to me about the charge(s) set forth in the ☐ [COMPLAINT]   ☐ [INDICTMENT]   ☑ [INFORMATION].

16. I am satisfied that my lawyer understands the information which I have provided, and that my lawyer has counseled and advised me on the nature of each charge and on all possible defenses that I might have in this case.

17. In addition, my lawyer has explained to me, and I understand, that if I enter a plea of NOT GUILTY (or persisted in my plea of NOT GUILTY), under the Constitution and laws of the United States I would be entitled to a speedy and public trial by a jury of twelve persons on the charge(s) contained in this
☐ [COMPLAINT]   ☐ [INDICTMENT]   ☑ [INFORMATION].

18. My lawyer has explained to me, and I understand, that at such a trial the jury would be told by the judge that I am presumed to be innocent, and that the Government would be required to prove me guilty of the charge(s) against me beyond a reasonable doubt. I understand that

I would not have to prove that I am innocent, and that I could not be convicted unless all twelve jurors voted unanimously for conviction.

19. My lawyer has explained to me, and I understand, that if I went to trial on these charge(s), the Government would have to produce in open court the witnesses against me, and that my lawyer could confront and cross-examine them and object to evidence offered by the Government.

20. My lawyer has further explained to me, and I understand, that I have the right to produce witnesses and could offer evidence in my defense at a trial on these charge(s), and that I would have the right, if I so chose, to testify on my own behalf at that trial; but if I chose not to testify, the jury could draw no suggestion or inference of guilt from that fact.

21. My lawyer has explained to me, and I understand, that if I plead GUILTY to any charge(s) in this ☐ [COMPLAINT] ☐ [INDICTMENT] ✓ [INFORMATION] and the judge accepts my plea, I WAIVE MY RIGHT TO TRIAL AND THE OTHER RIGHTS SET FORTH IN PARAGRAPHS 17, 18, 19 and 20 ABOVE. I am aware and understand that <u>if my GUILTY plea is accepted, there will be no trial</u> and a judgment of GUILTY will be entered after which, the judge, upon consideration of my presentence report, will impose punishment upon me. I understand that if I plead GUILTY, the judge may impose the same punishment as if I had pleaded "not guilty", went to trial and was convicted by a jury.

22. My lawyer has also explained to me, and I understand, that if I plead GUILTY, I WAIVE MY RIGHT NOT TO INCRIMINATE MYSELF. I understand that the judge will ask me what I did and I will have to acknowledge my guilt as charged by setting forth my actions so that the judge is satisfied that I am, indeed, guilty. I understand that any statements I make at the time I plead GUILTY, if untrue and made under oath, can be the basis of a perjury prosecution against me.

## SENTENCING ISSUES

23. My lawyer has informed me, and I understand, that the maximum punishment which the law provides for the offense(s) charged in this [COMPLAINT] [INDICTMENT] [INFORMATION] is:

    A MAXIMUM OF <u>20</u> years imprisonment and a fine of $ <u>$1,000,000</u> for the offense(s) charged in Count(s) <u>One</u>. My lawyer has further explained, and I understand, that there is ✓[NO] [A] mandatory minimum punishment of ____ years imprisonment and ✓[NO] [A] mandatory minimum fine of $____ for the offense(s) charged in Count(s) ____.

    I understand that if I plead GUILTY to Count(s) <u>One</u> of the ☐[COMPLAINT] ☐[INDICTMENT] ✓[INFORMATION], I face a maximum sentence on those Count(s) of <u>20</u> years imprisonment, plus an aggregate fine of $<u>$1,000,000</u>. My lawyer has additionally explained, and I understand, that in addition to or in lieu of the penalties already discussed, I may be ordered to make restitution to any victim of the offense and that the Court may require me to make a restitution in services instead of money or to make restitution to a designated third

person or organization instead of the victim. I understand that in determining whether to order restitution and the amount of restitution the Court will consider the amount of the loss sustained by any victim as a result of the offense, my financial resources, the financial needs and earning ability of my dependents, and any other factors as the Court deems appropriate.

I understand that I will be assessed $100 for each felony upon which I am sentenced and $25 for each misdemeanor, if any.

24. I hereby declare that no officer or agent of any branch of government, (Federal, State or Local), nor my lawyer, nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead GUILTY. My lawyer has explained, and I understand, that only the judge may decide what punishment I shall receive, and that if any person has told me otherwise, that person is not telling me the truth.

25. I understand that the sentence to be imposed upon me is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act of 1984.

26. I understand that in deciding what sentence to impose upon me, the sentencing judge is required to consider the maximum and minimum prison terms, fines and terms of supervised release recommended under the Sentencing Guidelines. I understand that the Sentencing Guidelines may authorize departures from the maximum and minimum Guidelines recommendations under certain circumstances.

27. I understand that the Sentencing Guidelines are advisory, and that the sentencing judge must also consider the other statutory factors identified in 18 U.S.C. § 3553(a) in deciding what sentence to impose. I understand that the judge has the authority to impose a sentence more severe (up to the statutory maximum) or less severe than the sentencing range recommended by the Guidelines.

28. I have discussed with my attorney how the Sentencing Guidelines might apply to my case.

29. I understand that the Court will not be able to determine the sentence for my case until after the Presentence Report has been completed and both I and the Government have had an opportunity to read the report and challenge any facts reported by the probation officer.

30. I understand that the Court may be bound to impose a fine in accordance with statutory requirements.

31. I understand that parole has been abolished and if I am sentenced to prison I will not be released on parole.

32. I further understand that the Court ☑[SHALL] ☐[MAY] impose a term of supervised release to follow any term of imprisonment and that any violation of that term of supervised release may result in an additional term of imprisonment. I understand that I am subject to a term of supervised release of up to 3 years, the statutory maximum period of supervised release for the crime(s) to which I am pleading guilty.

I further understand that the provisions of 21 U.S.C. § 841____, which provide for a mandatory minimum term of supervised release of 3____ years, ☑ [DO] ☐ [DO NOT] apply to my case.

33. I understand that I will have no right to withdraw my plea on the grounds that anyone's prediction as to the Guidelines range or expectation of sentence proves inaccurate.

34. My lawyer has explained to me, and I understand, that if I am not a citizen of the United States, my plea of GUILTY to the charged offense(s) ☑ [MAY] ☐ [WILL LIKELY] result in my being subject to separate immigration law proceedings to have me removed from the United States by making me deportable, excludable, or inadmissible, or ending my naturalization.

35. My lawyer has explained to me, and I understand, that if the charged offense(s) is a sex offense under 42 U.S.C. § 16911(5), my plea of GUILTY ☐ [MAY] ☐ [WILL LIKELY] result in a requirement that I register as a sex offender under Federal and State law, and I will be subject to the registration law's requirements and penalties.

## PLEA AGREEMENT

36. I hereby declare that I have not been forced, coerced or threatened in any manner by any person to plead GUILTY to these charge(s). Nor have I been told that if I refuse to plead GUILTY, other persons will be prosecuted.

37. There ☑ [HAS] ☐ [HAS NOT] been a plea agreement entered into between me and the United States Attorney, by Assistant United States Attorney Eli Jacobs_____ (name).

    ☐ The plea agreement DOES NOT exist in written form.
    ☑ The plea agreement DOES exist in written form. I have read it or have had it read to me in English_____ (LANGUAGE). My lawyer has explained it to me and I understand it.

38. The substance of the plea agreement is:

    The parties agree that a sentence within the range of 72 months to 96 months is reasonable and neither party will advocate for a term of imprisonment below 72 months or above 96 months. This agreement, however, does not bind the Court.

39. The plea agreement ☑ [DOES] ☐ [DOES NOT] contain stipulations agreed to by the parties.

    IF APPLICABLE, CHOOSE ONE OF THE FOLLOWING:

    ☐ I understand that my plea agreement sets forth a Guidelines calculation which I agree is the total Guidelines offense level applicable to me in this case. I further understand that I have waived the right to argue that the sentencing judge should impose a sentence below the range that results from this offense level, and that the government has waived the right to argue for a sentence above the range that results from this offense level.

☐ I understand that my plea agreement sets forth a Guidelines calculation which I agree is the total Guidelines offense level applicable to me in this case. I further understand that with the exception of arguments regarding a departure as set forth in Paragraph_of Schedule A to the plea agreement, I have waived the right to argue that the sentencing judge should impose a sentence below the range that results from this offense level, and the government has waived the right to argue for a sentence above the range that results from this offense level.

☑ The plea agreement contains stipulations regarding certain facts. I understand that if the sentencing court accepts a factual stipulation set forth in the plea agreement, both I and the government have waived the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing do.

40. I understand that my plea agreement ☑[PROVIDES] ☐[DOES NOT PROVIDE] that under certain circumstances I have waived my right to appeal or collaterally attack the sentence imposed in this case.

41. My lawyer has explained to me, and I understand, that if the judge accepts from GUILTY plea under the plea agreement, including the government's proposal to dismiss charges or to not bring other charges, the judge is not bound to follow the other terms of the plea agreement, including the stipulations recommending that a particular sentence or sentencing range is appropriate or that a particular provision of the Guidelines does or does not apply. I understand that if the judge does not follow one or all of the other terms of the plea agreement, including the stipulations, I will have no right to withdraw my GUILTY plea, even if the disposition of my case may be less favorable than that proposed in the plea agreement.

42. I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP MY LAWYER HAS GIVEN ME.

43. I know the judge will not permit anyone to plead GUILTY who claims to be innocent, and with that in mind and because I am GUILTY, I respectfully request that the Court accept my plea of GUILTY and to have the Clerk enter my plea of GUILTY as follows:

To Count(s) **One** of this ☐[COMPLAINT] ☐[INDICTMENT] ☑[INFORMATION].

44. I offer my plea of GUILTY freely and voluntarily and of my own accord with full understanding of all matters set forth in the ☐[COMPLAINT] ☐[INDICTMENT] ☑[INFORMATION], in this application, and in the certification of my lawyer which is attached to this application.

45. I further declare that I wish to waive the reading of the ☐[COMPLAINT] ☐[INDICTMENT] ☑[INFORMATION] in open court, and I request the Court to enter my plea of GUILTY as set forth in Paragraph 43, above.

46.   The following person(s), if any, assisted me in completing this application: __Adam Elewa__.

I hereby certify that the foregoing information and statements herein are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed by me in open court in the presence of my lawyer this __7__ day of __May__, 20__25__.

_____
Defendant

## CERTIFICATION OF COUNSEL

Adam Elewa _____ hereby certifies that:

1. I am an attorney at law of the State of NJ and have been ☐ [RETAINED BY] ☑ [ASSIGNED TO REPRESENT] the defendant Nelson Valentin, in ☑ [MAGISTRATE] ☐ [CRIMINAL] No. 24-8131-15.

2. I have read and fully explained to the defendant the allegations contained in the ☐ [COMPLAINT], ☐ [INDICTMENT] ☑ [INFORMATION].

3. To the best of my knowledge and belief the statements, representations, and declarations made by the defendant in the foregoing Application are in all respects accurate and true.

4. (IF APPLICABLE) In my opinion the defendant's waiver of indictment by grand jury is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

5. In my opinion the defendant's waiver of reading the ☐ [COMPLAINT] ☐ [INDICTMENT] ☑ [INFORMATION] in open Court as provided in Rule 10 is voluntarily and knowingly made, and I recommend to the Court that the waiver be accepted by the Court.

6. I have explained the maximum and any mandatory minimum penalty for each count to the defendant. I have explained to him that he may be ordered to make restitution under the Victim and Witness Protection Act.

7. I have explained to the defendant that in imposing sentence, the sentencing judge is required to consider the Sentencing Guidelines, and I have further explained how the Guidelines might apply to this offense and to the defendant. I have further explained to the defendant that the Guidelines are advisory, not mandatory, and that the sentencing judge may impose a sentence higher or lower than that recommended by the Guidelines.

8. The plea of GUILTY offered by the defendant in Paragraph 43 accords with my understanding of the facts related to me and is consistent with my advice to the defendant.

9. In my opinion the plea of GUILTY as offered by the defendant in Paragraph 43 of this Application is voluntarily made with understanding of the consequences of the plea. I recommend that the Court accept the plea of GUILTY.

Signed by me in open Court in the presence of the defendant above named, and after full disclosure of the contents of this Certification to the defendant, this 7 day of May 20 25.

_____
Attorney for the Defendant